**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED NATIONAL INSURANCE
COMPANY, a foreign corporation,**

    **Plaintiff,**

vs.                                                 **CASE NO.: 3:05cv374/MCR/MD**

**OWL'S NEST OF PENSACOLA BEACH,
INC., and CHRISTOPHER SHERWOOD,**

    **Defendants.**

                                              /

**O R D E R**

In this declaratory action plaintiff United National Insurance Company ("United National" or "plaintiff") sues defendants Owl's Nest of Pensacola Beach, Inc. ("Owl's Nest"), and Christopher Sherwood ("Sherwood") (together, "defendants"). United National seeks a declaration that, under the assault and battery exclusion of the commercial liquor liability policy it issued to Owl's Nest, it has no duty to defend or indemnify Owl's Nest in Sherwood's state court personal injury action against Owl's Nest.[1] Owl's Nest has filed a motion for judgment on the pleadings (doc. 18) and United National has filed a motion for summary judgment (doc. 19), which motions and responses thereto the court shall consider at a later date. Presently before the court are the joint motion filed by Owl's Nest

---

[1] Sherwood filed his personal injury action in the Circuit Court in and for Escambia County, Florida, Case No. 00-170-CA-01, and names as defendants in his sixth amended complaint Owl's Nest; Quietwater Entertainment, Inc.; Quietwater Entertainment, Inc., d/b/a Capt'n Fun Beach Bar; Quietwater Entertainment, Inc., d/b/a Jubilee Restaurant & Oyster Bar; and the Santa Rosa Island Authority. Sherwood alleges that during the Bushwacker Festival held at Pensacola Beach, Florida, on August 7-8, 1999, certain of the defendants willfully and unlawfully served alcoholic beverages to two minors. The minors became "heavily intoxicated" as a result and "subsequently assaulted [Sherwood] causing [him] to sustain severe and permanent personal injuries." (Doc. 1, Exh. B, ¶ 67). In Count IV of the sixth amended complaint, which is entitled "Liability of Defendants for Service of Alcohol to a Minor: Owl's Nest of Pensacola Beach, Inc.," Sherwood seeks damages against Owl's Nest for his injuries.

and Sherwood for leave to amend their pleadings to include the affirmative defense of estoppel (doc. 34; response at doc. 39) and United National's motion to strike Sherwood's response to its motion for summary judgment (doc. 38; no response filed). As set forth below, the court denies defendant's joint motion for leave to amend and grants plaintiff's motion to strike.

**DEFENDANTS' JOINT MOTION FOR LEAVE TO AMEND**

<u>The Parties' Arguments</u>

Defendants maintain that, as required by Federal Rule of Civil Procedure 15, in the furtherance of justice they should be granted leave "to amend their pleadings to include a claim that United National is estopped from denying coverage based on conduct during the time it initially provided a defense." (Doc. 34, ¶ 7). Defendants assert the following facts and have provided several exhibits in support of their motion. After Sherwood filed his state court action United National assumed the defense for Owl's Nest and appointed counsel to represent it. By letter dated October 9, 2002, Sherwood's counsel advised Owl's Nest appointed representative that, based upon his review of Owl's Nest's general liability and liquor liability policies, he believed coverage of Sherwood's injuries was not excluded; counsel further requested that Owl's Nest inform him "whether the insurance companies plan to take a different position." (Doc. 34, Exh. A). Owl's Nest's attorney noted in a February 7, 2003, letter to United National that he had previously forwarded to the insurance company a copy of Sherwood's October 9, 2002, letter. Counsel included a second copy of Sherwood's letter with his correspondence to United National, and asked that "[i]f you are going to assert any coverage defenses, please respond to this letter." (<u>Id.</u>, Exh. B). United National did not advise of any intention to assert a coverage defense until February 9, 2005, when it wrote directly to Owl's Nest of Pensacola Beach, Inc., to notify it that there might be no coverage under the liquor liability policy "as a result of the applicability of the assault and battery exclusion."[2] (<u>Id.</u>, Exh. C). According to defendants' motion, Owl's Nest "has only now just learned from Sherwood" that on June 30, 2004, Sherwood made an offer to United National to settle the state court action; United National failed to respond to the offer, however, which has now expired. (Doc. 34, Exh. D).

---

[2] The letter quotes the endorsement to the commercial liquor liability policy which excludes coverage for suits or claims for personal injury arising from an assault and/or battery. (<u>Id.</u>, Exh. C). It goes on to state that "[d]espite the potential coverage defense . . . United National has agreed to continue to defend you in this matter under a reservation of rights." The letter also indicates that United National "may withdraw its defense at any time upon appropriate notice should it determine that no coverage applies and/or there is no duty to defend the Complaint against Owl's Nest." (<u>Id.</u>).

Case No. 3:05cv374/MCR/MD

Defendants submit that, had Owl's Nest timely known of these events and of United National's refusal to defend or provide coverage, it "would have taken action independent of United National in an effort to settle the Sherwood lawsuit, and would have pursued its defense and litigation differently to avoid further damages." (Id., ¶ 18). Therefore, defendants contend, United National's conduct with respect "to the settlement offer during the time it was furnishing a defense to Owl's Nest was prejudicial to Owl's Nest's ability to defend after United National denied coverage," (id., ¶ 10), thus entitling defendants to assert an estoppel defense by amendment at this time.

United National opposes the motion for leave to amend, arguing that defendants have waived their right to assert estoppel because they failed to plead the defense affirmatively in their responsive pleadings and they have not timely sought leave to amend. According to United National, although required by Federal Rule of Civil Procedure 16, defendants have failed to show good cause for modifying the February 17, 2006, deadline for amending the pleadings, which was established in the court's January 17, 2006, scheduling order. United National further argues that even if defendants' motion were not analyzed under Rule 16 but rather under the more liberal standard of Rule 15, it should be denied because amendment would be prejudicial to United National and defendants have acted with undue delay.

Discussion

In reviewing motions for leave to amend courts are guided by Rule 15(a)'s instruction that ordinarily leave is to be "freely given when justice so requires." See Fed.R.Civ.P. 15(a)[3]. As set forth in Sosa v. Airprint Systems, Inc., 133 F.3d 1417 (11th Cir. 1998),[4] however, parties seeking to amend must also comply with scheduling deadlines

---

[3]  Rule 15(a) in relevant part provides:

Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. . . .

Fed.R.Civ.P. 15(a).

[4]  See also Nobles v. Rural Community Ins. Services, 303 F.Supp.2d 1279, 1283 (M.D.Ala. 2004) (observing that "[i]t is only after the court addresses whether the proposed amendment may be granted under Rule 16 that the court is to determine whether it is proper under Rule 15."); Morrison v. Exxonmobil Corp., 2006 WL 42142, *3 (M.D.Ga. 2006) (stating that "[w]hen a motion to amend is filed after a scheduling order deadline, as is the case here, Rule 16 is the proper guide for determining whether a party's delay may

and other requirements which the court may establish pursuant to Rule 16. See Fed.R.Civ.P. 16(b).[5] As the Eleventh Circuit noted in Sosa, this is true because if courts "considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." Sosa, 133 F.3d at 1419. Accordingly, when a party seeks leave to amend after a scheduling order deadline has passed he must demonstrate good cause for the tardy amendment under Rule 16(b) before the court may consider whether the proposed amendment is proper under Rule 15. To establish good cause the party must show that the scheduling deadlines could not have been met despite his diligence as to the matter that is the subject of the motion to amend. Id. at 1418. "A finding of lack of diligence on the part of the party seeking modification ends the good cause inquiry . . . ." Lord v. Fairway Elec. Corp., 223 F.Supp.2d 1270, 1277 (M.D.Fla. 2002).

In this case, United National issued its reservation of rights letter to Owl's Nest on February 9, 2005, and it initiated this action on October 3, 2005. Sherwood filed his answer to United National's complaint on December 9, 2005, and Owl's Nest, through retained counsel, filed its answer on January 3, 2006. (Docs. 5, 9). Neither answer asserts any affirmative defenses. Defendants filed the instant motion for leave to amend

---

be excused."); Richardson v. Georgia Pacific Corp., 2005 WL 1278833, *1 (S.D.Ala. 2005) (noting that "[a] motion for leave to amend filed after the deadline for amending pleadings set forth in the scheduling order is governed by the stricter standard for amendment set forth in Rule 16(b) rather than the liberal amendment standard set out in Federal Rule of Civil Procedure 15(a)").

[5] Rule 16(b) in relevant part provides:

Scheduling and Planning. Except in categories of actions exempted by district court rule as inappropriate, the district judge, or a magistrate judge when authorized by district court rule, shall, after receiving the report from the parties under Rule 26(f) or after consulting with the attorneys for the parties and any unrepresented parties by a scheduling conference, telephone, mail, or other suitable means, enter a scheduling order that limits the time

(1) to join other parties and to amend the pleadings;

\* \* \* \* \*

The order shall issue as soon as practicable but in any event within 90 days after the appearance of a defendant and within 120 days after the complaint has been served on a defendant. A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge. (Emphasis added).

Fed.R.Civ.P. 16(b).

Case No. 3:05cv374/MCR/MD

the pleadings, as corrected, on May 10, 2006 (doc. 34),[6] along with defendants' proposed amended answers which include the affirmative defense of estoppel (docs. 35, 36).

Defendants neither cite Rule 16(b) in their motion nor directly argue that they have good cause for filing their proposed amended answers after the scheduling order deadline. Indeed, defendants only cursorily mention Rule 15 in support of their request for leave to amend. In any event, based on the sequence of events outlined above, it is evident that Owl's Nest was aware of United National's intention to assert a coverage defense some eight months prior to the initiation of the instant lawsuit and eleven months prior to the answer it served in response to the complaint. In addition, other than the facts surrounding the June 2004 settlement offer, Owl's Nest does not dispute that it was aware of the complained-of conduct by United National before filing its initial answer to the complaint. Even taking into consideration the June 2004 settlement offer made to Owl's Nest's appointed counsel, of which Owl's Nest asserts (through its current, retained counsel) it only recently learned, Owl's Nest cannot show it acted diligently in pursuing its motion for leave to amend. The court is satisfied, and Owl's Nest makes no assertion to the contrary, that with diligent effort Owl's Nest's retained counsel could have discovered the information regarding the settlement offer from appointed counsel (or, given their apparent cooperation in defending the instant action, from Sherwood) well before the deadline for filing amended pleadings expired on February 17, 2006. In short, on the facts Owl's Nest has made known to the court, Owl's Nest has failed to establish that it acted diligently in pursuing its motion to amend and thus that good cause exists for modifying the scheduling order. Sosa, 133 F.3d at 1418. The motion for leave to amend is therefore denied as to Owl's Nest.

The motion is also denied as to Sherwood. As early as October 2002, when Sherwood's attorney wrote to appointed counsel for Owl's Nest, Sherwood evidently recognized a potential coverage issue as he advised he had reviewed the general liability and liquor liability policies and had concluded that they did not exclude coverage for the alleged injuries. He also inquired as to United National's position on the matter. Further, Sherwood was well aware from October 2002 forward that while he had requested information regarding coverage defenses he had not received any such information; he also obviously knew of his June 2004 settlement offer to Owl's Nest's appointed counsel and that the offer had not been accepted. Thus, from the time this suit – which seeks a

---

[6] Defendants first attempted to file their motion on May 6, 2006, but the court denied the motion due to procedural deficiencies. (Docs. 27, 32).

Case No. 3:05cv374/MCR/MD

declaration that United National has no duty to defend or indemnify Owl's Nest for claims brought by Sherwood due to a coverage defense – was commenced through the expiration of the deadline for filing amended pleadings, Sherwood clearly was possessed of information sufficient to assert an affirmative defense of estoppel based on United National's conduct in raising its coverage defense. Accordingly, Sherwood is unable to show that he acted diligently in seeking to amend the pleadings to include the affirmative defense of estoppel.[7]

**PLAINTIFF'S MOTION TO STRIKE SHERWOOD'S RESPONSE**

United National moves to strike Sherwood's response to its motion for summary judgment, contending that the response was untimely filed and improperly raises the affirmative defense of estoppel for the first time; additionally, United National argues that Sherwood lacks standing to raise estoppel as a defense and that his unsupported assertions do not constitute competent summary judgment evidence. Sherwood has not responded.

United National filed its motion for summary judgment on April 17, 2006. Accordingly, under Local Rule 7.1(C)(1), Sherwood's response in opposition was due no later than May 1, 2006. Assuming that Fed.R.Civ.P. 6(e) is applicable, the court calculates that Sherwood had until May 4, 2006, in which to file his response.[8] Sherwood submitted his response on May 7, 2006, without acknowledging the lateness of his filing or seeking leave of court to file out of time. As Sherwood's response to United National's motion for summary judgment therefore was filed untimely, the court shall grant the instant motion to

---

[7] Notwithstanding Sherwood's inability to show good cause under Rule 16, he also cannot show that leave to amend is warranted under Rule 15 because, in the court's view, amendment would be futile. See Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). The Florida Supreme Court, in examining Florida's Claims Administration Act, Fla. Stat. § 627.426(2), stated that "[i]t is the fact that the insured has been prejudiced which estops the insurer from denying the indemnity obligation of the insurance policy." Doe v. Allstate, 653 So.2d 371, 374 (Fla.1995). In addition, under Florida law a third party claimant has no standing to raise a defense of estoppel on behalf of the insured based on the alleged failure to comply with the requirements set out in § 627.426(2). See General Security Ins. Co. v. Barrentine, 829 So.2d 980, 983 (Fla. 1st DCA 2002) (stating that conditions imposed by § 627.426(2) apply only to immediate parties to insurance contract and thus are not enforceable by third parties); Atlantic Casualty and Fire Ins. Co. v. National American Ins. Co., 915 F.Supp. 1218, 1225 (M.D.Fla. 1996). There is no evidence that Sherwood is a party to the insurance contract, is in privity with Owl's Nest, has obtained a judgment against Owl's Nest, or has been assigned Owl's Nest's rights under the insurance contract. Thus Sherwood cannot assert that United National should be estopped from raising any coverage defense due to its failure to timely notify Owl's Nest of such defense, either on his own behalf or on behalf of Owl's Nest.

[8] Pursuant to the court's order of April 18, 2006 (doc. 20), the parties had until the advisement date of May 8, 2006, in which to file and serve affidavits and any other Rule 56 evidentiary materials.

Case No. 3:05cv374/MCR/MD

strike.[9] See Mosley v. MeriStar Management Co., LLC, 137 Fed.Appx. 248 (11th Cir. 2005) (finding no abuse of discretion in district court's striking opposition to a motion for summary judgment which was filed four days late and contained no request for enlargement or explanation for untimeliness); Young v. City of Palm Bay, Florida, 358 F.3d 859, 864 (11th Cir. 2004) (finding no abuse of discretion in district court's refusal to consider an untimely opposition to summary judgment motion).

Accordingly, it is hereby ORDERED:

1. The joint motion filed by defendants Owl's Nest and Sherwood for leave to amend their pleadings to include the affirmative defense of estoppel (doc. 34) is DENIED.

2. Plaintiff United National's motion to strike Sherwood's response to its motion for summary judgment (doc. 38) is GRANTED. The response shall remain in the electronic filing system but the clerk shall make a docket annotation reflecting that the court shall not consider the response.

**DONE and ORDERED** this 8th day of June, 2006.

                               s/ *M. Casey Rodgers*
                               **M. CASEY RODGERS**
                           **UNITED STATES DISTRICT JUDGE**

---

[9] Additionally, Sherwood's failure to file a responsive memorandum is sufficient cause to grant United National's motion to strike. See N.D.Fla.Loc.R. 7.1(C).

Case No. 3:05cv374/MCR/MD